PER CURIAM.
James Mitchell, Jr. [“Mitchell”] appeals his judgment and sentence for possession of cocaine with intent to sell or deliver, claiming the improper admission of certain evidence. We affirm.
Mitchell was arrested while sitting outside his brother’s residence and was charged only with possession of the drugs found on his person, not possession of any substance found inside his brother’s residence. At trial, Mitchell sought to exclude evidence of the controlled substances found inside the residence, which substances were seized pursuant to a search warrant. Defense counsel urged that there was no link established between Mitchell and the house, or if so, the marginal relevance of that link was outweighed by the danger of undue prejudice. The State, on the other hand, argued that the evidence was necessary to explain the context of the crime:
It is the State’s theory of the case that Mr. Mitchell possessed the seven grams of cocaine in his pocket in the front of his brother’s house, Jerry Mitchell; that the large amount of drugs and drug paraphernalia discovered in the house and also in the front yard are indicative to that particular location, was a place where drugs were commonly sold and delivered to other persons. His presence there with the large — in conjunction with the large quantity of cocaine on his person is indicative of someone who is acting as a part of that operation to sell or deliver cocaine to other persons as opposed to some harmless explanation that he’s just a user with a tremendous habit or he got a volume discount from his dealer or something to that effect. We think, therefore, the jury could use that to conclude the ultimate legal issue of what intent Mr. Mitchell had in possessing that cocaine.
The court denied Mitchell’s motion to suppress.
Agent Jose Novoa of the Orange County Drug Unit testified that he requested the search warrant on the residence and accompanied the SWAT team to execute it. When he arrived at the scene, he saw four people in the front yard; three were sitting in lawn chairs and another was standing. Mitchell was sitting in a chair near the entrance to the residence. Deputy James Brown of the Orange County Sheriffs Office testified that he was called by the Orange County Drug Unit to assist with the execution of the search warrant. When Brown arrived at the scene, he saw several people sitting in lawn chairs in the yard. The people were immediately secured and Brown performed a pat down search of Mitchell. Brown found a small pill bottle in Mitchell’s front right pocket. The bottle contained a substance determined to be crack cocaine. Novoa testified that the street value of the cocaine amounted to approximately $700. In his experience, street users typically buy between .05 and .2 grams of crack cocaine for personal use and typically consume the drug immediately after purchase. Mitchell, on the other hand, possessed a “mean *1173 ingful” amount of cocaine which was more than even the usual street dealer possessed. Novoa testified that he had been involved in over one thousand arrests, three hundred of which were sting operations, and based upon that experience he believed that the residence was being used for drug dealing.
Novoa then testified over defense objection that crack cocaine, marijuana, several firearms, and drug paraphernalia were found inside the residence. Specifically, a mirror with a razor blade coated in crack cocaine residue was found along with a crack pipe, fifty bags of marijuana packaged for sale, and more crack cocaine in a bottle and in the bedroom. He also testified that another person sitting in a lawn chair next to Mitchell was arrested for possession of marijuana. Marijuana, a razor blade, and cigars were found on the ground by this other person. Novoa testified that cigars are used to smoke marijuana by cutting out the tobacco and replacing it with marijuana.
The State urges that all this evidence was inextricably intertwined with the crime charged and thus is admissible under section 90.402, Florida Statutes (1997). Griffin v. State, 639 So.2d 966, 968 (Fla.1994). We agree.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.
GRIFFIN, J., dissents, without opinion.